**SIGNED this 30 day of July, 2019.**



_____
**John T. Laney, III
United States Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KENNETH E. BROWNLEE, and | ) | Case No. 17-70283-JTL |
| JANICE J. BROWNLEE, | ) | |
| | ) | Chapter 7 Proceeding |
| Debtors. | ) | |
| | ) | |
| WALTER W KELLEY, Trustee, | ) | |
|    Plaintiff, | ) | |
| | ) | Adversary Proceeding |
| v. | ) | No. 19-07010 |
| | ) | |
| STONE & BAXTER, LLP, | ) | |
|    Defendant. | ) | |

## MEMORANDUM OPINION ON
## DEFENDANT'S MOTION TO DISMISS
## BASED ON THE STATUTE OF LIMITATIONS DEFENSE

Before the Court is the Defendant's Motion to Dismiss under Federal Rule of Civil

Procedure 12, made applicable to this proceeding under Federal Rule of Bankruptcy Procedure

7012.[1] The Defendant's motion raises the issue of whether the Trustee's causes of action in this case, transfer avoidance under 11 U.S.C. §§ 547 & 548, are time barred under 11 U.S.C. § 542(a).

For the reasons stated below, the Court concludes that the Trustee filed this action within the applicable statute of limitations. Therefore, the Defendant's motion is denied. The Court will enter a separate order consistent with this memorandum opinion.

### JURISDICTION AND THE BANKRUPTCY COURT'S AUTHORITY TO ENTER AN ORDER IN THIS PROCEEDING

A bankruptcy court, through referral from the district court, has subject matter jurisdiction over all matters (1) "arising under" the Bankruptcy Code, (2) "arising in" a bankruptcy case, and (3) those "related to" a bankruptcy case. 28 U.S.C. § 1334(b). The Eleventh Circuit has previously explained that an action "arising under" the Code is one that involves "a substantive right created by the Bankruptcy Code." *Cont'l Nat'l Bank v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1345 (11th Cir. 1999). This action, brought under authority granted in the Bankruptcy Code, clearly meets this standard.

The question of jurisdiction, however, is separate from the question of whether this Court has the authority to enter a final order. See *Stern v. Marshall*, 561 U.S. 1058 (2010). Here, the Defendant has not consented to this Court entering a final order. (Def.'s Answer; AP Doc. No. 7,

---

[1] During the first pretrial conference in this adversary proceeding, the Court requested briefing on the Defendant's statute of limitations defense, which the Court perceived—and the parties likewise saw—as purely a legal issue. (A.P. Doc. No. 13). In the pretrial order, the Court did not specify the exact procedural mechanism through which the parties should address the issue. A Rule 12(b)(6) motion is appropriate to resolve a legal issue where the allegations in the complaint may demonstrate that an affirmative defense bars recovery. *Cottone v. Jenne*, 326 F.3d 1352 (11th Cir. 2003).
   This case is in such a procedural posture. The Trustee has pled adequate facts to present the legal issue of whether the Trustee's action is time-barred. (Trustee's Compl., A.P. Doc No. 1, ¶ 4).

2

¶ 3). Moreover, the Defendant demands a jury trial and does not consent to this Court conducting that trial, as are its rights in a fraudulent transfer action.[2] 28 U.S.C. § 157(e); *Granfinanciera v. Nordberg*, 492 U.S. 33 (1989). The order adopting this opinion's conclusions, however, is not a final order, as it does not finally resolve the issue before the Court. See *In re Wisz*, 778 F.2d 762, 764 (11th Cir. 1985) ("[A] final order is one which ends the litigation on the merits and leaves nothing for the court to do but execute judgment.") (internal quotations omitted). Therefore, in accordance with this district's general practice under these circumstances, the Court will enter preliminary orders on all pre-trial disputes before referring the case back to the district court to conduct the final pre-trial conference and trial. Once turned over, the district court may review the determinations made by this Court.

**PROCEDURAL POSTURE AND FACTS PLED IN THE TRUSTEE'S COMPLAINT**

The Debtors in the case, Kenneth and Janice Brownlee, originally filed the underlying bankruptcy case on March 21, 2017 as a Chapter 11 proceeding. (Pet.; Bk. Doc. No. 1). The Court converted the case to a Chapter 7 proceeding on March 7, 2018. (Order Converting Case; Bk. Doc. No. 125). Upon conversion, the United States Trustee appointed the Trustee as the interim trustee. The Trustee conducted the § 341 meeting on April 10, 2018 without creditors requesting an election. (Trustee's Docket Entry; Bk. Doc. No. 145).

---

[2] Whether an avoidance action is a core proceeding—such that a Bankruptcy Court, an Article I court, has the constitutional authority to enter a final order resolving the dispute regardless of whether the parties consent—is an open question of law in this circuit. See *Tyler v. Banks (In re Tyler)*, 493 B.R. 905, 914 (Bankr. N.D. Ga. 2013) (noting a split of authority on the issue in the wake of *Stern v. Marshall*). This opinion leaves open the question of whether this Court may enter a final order in this case. Given the Defendant's demand and its constitutional right to a jury trial, any question of fact must be determined by a jury. If this action is a core proceeding, any question of law, however, may be finally resolved by this Court.

The Trustee filed this action on April 9, 2019, one day less than a year after conducting the § 341 meeting. The complaint alleges that the Debtors made pre-petition payments to the Defendant—which is also the firm representing the Debtors in the bankruptcy case—on account of an antecedent debt. (Compl.; AP Doc. No. 1, ¶ 5). The complaint seeks to avoid the payments and recover the funds for the Chapter 7 estate on the theories that the payments were preferences under § 547 and/or were constructively fraudulent under § 548. (Id.; Counts I & II).

## DISCUSSION

This Court must determine when the § 546(a) statute of limitations began in this case. That subsection provides:

> (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
> (1) the later of—
>    (A) 2 years after the entry of the order for relief; or
>    (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
> (2) The time the case is closed or dismissed.

11 U.S.C. § 546.

To synthesize the subsection, a two year limitation applies unless "the first trustee" is "appoint[ed] or elect[ed]" under one of the subsections enumerated in § 546(a)(1)(B) more than a year (but before two-years) from the petition date. If elected or appointed within this time, the trustee is entitled to a one-year extension from his appointment. In the instant case, there is no dispute that the Trustee was entitled to an additional year to file his avoidance action.

The issue here is the date from which the extension period began under § 546(a). This is a question of statutory interpretation. A court's analysis should begin with the plain language of the statute. *U.S. v. Ron Pair Enters. Inc.*, 489 U.S. 235, 241 (1989). Only when the statute is

4

susceptible to more than one reasonable interpretation can a court look beyond the statute to assist its interpretation. *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 970 (11th Cir. 2016). Where the language is unambiguous and the statutory scheme is coherent and consistent, judicial inquiry ends and courts must interpret the statute according to its plain meaning. *McCarthan v. Dir. Of Goodwill Indus.-Suncoast*, 851 F.3d 1076, 1123 (11th Cir. 2017).

Applying the relevant language in § 546(a) to this case, the Court must determine when "the first trustee" was appointed under § 702. That is, did the statute of limitations begin to run when the trustee was appointed as the interim trustee (which is governed by § 701)? Or, did it begin after the creditors declined to elect a trustee at the § 341 meeting (governed by § 702(d))? On one hand, § 546(a) clearly references appointment or election under § 702 not § 701. Seemingly then, the later interpretation must be correct. But the Defendant makes a reasoned argument that § 546(a)—although referencing § 702 and not § 701—implicitly refers to the appointment of the interim trustee, considering other Code provisions and the Code's scheme of Chapter 7 administration.

Reading § 701 and § 702 together, the Defendant argues that § 702 does not appoint a new trustee, but rather acknowledges the interim trustee's continuing obligations after conducting the § 341 meeting. As the Defendant notes, the word "appointment" is not used in § 702. Subsection 702(d), the only subsection addressing the trustee's status if no election occurs, states "[i]f a trustee is not elected under this section, then the interim trustee shall serve as trustee in the case." 11 U.S.C. § 702(d). Although the word "appointment" is not used in § 702, the Defendant emphasizes that it is used in § 701. 11 U.S.C. § 701(a)(1) ("Promptly after the order for relief under this chapter, the United States trustee shall *appoint* one disinterested person that

5

is a member of the panel of private trustees established under section 586(a)(1). . . .") (emphasis added).

Therefore, when creditors decline or are unable to elect a trustee, the Defendant argues that § 546(a)'s reference to appointment under § 702 must refer to the trustee's continued appointment as the trustee, which began when he was appointed interim trustee. In further support, the Defendant notes that § 546(a) uses appointment as a noun, which implies that an entity—in this district, the United States Trustee—must act to appoint the trustee. Section 702, the argument continues, does not designate an entity to make an appointment; however, § 701 does. Compare 11 U.S.C. § 701(a)(1) ("[T]he United States trustee shall appoint one disinterested person. . . .") with 11 U.S.C. § 702(d) ("[T]hen the interim trustee shall serve as trustee in the case.") Further, the Defendant argues that conceiving of the "interim trustee" as a separate position from the "permanent trustee" has no statutory support. The Code does not use the phrase "permanent trustee" and the Defendant argues that there are no meaningful distinctions between the interim trustee before § 341 meeting and the case trustee afterward.

Notably, nearly all of the cases addressing this issue have rejected the result for which the Defendant argues. Many of these cases note that applying the appointment of the interim trustee under § 701 as the date from which the statute of limitations runs impermissibly reads the reference to § 702 out of § 546(a). E.g., *Fogel v. Shabat (In re Draiman)*, 714 F.3d 462, 465 (7th Cir. 2013); *Singer v. Kimberly Clark Corp. (In re Am. Pad & Paper Co.)*, 478 F.3d 546, 552 (3rd Cir. 2007); *Georgia-Pacific Corp. v. Burtch (In re Allied Digital Techs. Corp.*, 341 B.R. 171, 175 (D. Del. 2006); *In re Crowe Rope Industries*, *LLC*, 311 B.R. 313, 315 (Bankr. D. Me. 2004); *In re Young*, 97 B.R. 679, 680 (Bankr. N.D. Ga. 1988); *In re O'Neill*, 94 B.R. 739, 741 (Bankr. M.D. Fla. 1988). While there is no controlling law governing the Court on this specific issue, the

6

Eleventh Circuit has often stated that, where Congress has specifically "enumerated a list or series of related items" (such as the appointment statutes listed in § 546(a)(1)(B)), courts should interpret the statute to "exclude similar items not specifically included in the list" (such as appointment under § 701). *Christian Coalition of Fla., Inc. v. U.S.*, 662 F.3d 1182, 1193 (11th Cir. 2011).

The Defendant responds that it does not ignore the reference to § 702. Rather under the Defendant's interpretation, § 702(d) acknowledges the interim trustee's continued appointment as the case trustee and adopts the appointment under § 701. The Defendant's interpretation rests on two arguments: (1) that § 702(d) does not independently make an appointment and (2) that the interim trustee continues the § 701 appointment after the § 341 meeting.

The Court does not believe that these arguments have statutory support. To begin with, the language of § 702(d) clearly makes an appointment. The subsection states that the interim trustee "*shall serve* as trustee in the case." 11 U.S.C. § 702(d) (emphasis added). The word "shall" in a statute is ordinarily instructive and indicative of a command. *In re Tennyson*, 611 F.3d 873, 877 (11th Cir. 2010) ("The use of the word 'shall' 'normally creates an obligation impervious to judicial discretion.'") (quoting *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998)). With that in mind, a court should read § 546(a) as instructing the interim trustee to "serve" in a particular capacity, i.e. as the case trustee after the § 341 meeting.

That § 702(d) does not use the word "appoint" or "appointment" does not weaken the Court's determination that the subsection nevertheless makes an appointment. As other courts have noted, the term should be interpreted broadly to include designating or assigning the interim trustee as the permanent trustee. E.g., *In re Black & Geddes, Inc.*, 35 B.R. 827, 829 (Bankr.

7

S.D.N.Y. 1983) ("The term appointment amply encompasses the processes of election and designation provided in Code § 702 for the selection of a permanent trustee.") And indeed, "appointment" can be used to describe "the choice or designation of a person. . . for a job or duty[.]" *Appointment*, Black's Law Dictionary (11th ed. 2019). This is exactly § 702(d)'s function. The subsection chooses the interim trustee to serve on a permanent basis as the case trustee after the § 341 meeting. In the Seventh Circuit's words, "what could [§ 546(a)] mean except that the interim trustee is automatically appointed permanent trustee in consequence of the creditors' failure to elect a trustee." *In re Draiman*, 714 F. 3d at 465.

Neither does the fact that § 702(d) does not designate an entity to appoint the interim trustee as the case trustee undermine the Court's interpretation. The appointment under § 702(d) is statutory. *In re Allied Digital Techs. Corp.*, 341 B.R. at 175 ("Section 702 provides a mechanism both for the election of a permanent trustee and, failing that, for the appointment of one by operation of law.")

Secondly, the interim trustee does not continue his original appointment when creditors decline to elect a trustee, as the Defendant argues. Rather, the Code creates a clear point of transition upon conducting the § 341 meeting. At that point, the interim trustee is terminated and the permanent trustee assumes his obligations. Although it is true that an interim trustee has all the powers and obligations of a permanent case trustee (see 11 U.S.C. § 701(c)), the interim trustee's role has a defining limitation: the duration of his service is limited. The title of the position, the "interim trustee," is indicative of this fact. The word "interim" means occurring within "an intervening time." *Interim*, Black's Law Dictionary (11th ed. 2019). From this description alone then, the Code clearly indicates that interim trustee's position will terminate.

8

Moreover, the Code expressly limits the time in which the interim trustee serves the estate. Section 701(b) states "[t]he service of an interim trustee under this section *terminates* when a trustee elected *or designated under section 702* of this title to serve as trustee in the case qualifies under section 322 of this title." (emphasis added). As § 702 only provides for election (under § 702(c)) or appointment (under § 702(d)), § 701(b)'s reference to "designa[tion]" must refer to § 702(d). Therefore, the Defendant is incorrect in arguing that the Code does not terminate the service of the interim trustee. Subsection 702(d) clearly does so.

The Court is aware of only one court that has adopted the Defendant's position.[3] In *Avalanche Maritime, Ltd. v. Parekh (In re Parmetex, Inc.)*, the Ninth Circuit concluded that the § 546(a) statute of limitations began when the trustee "was appointed as interim trustee pursuant to § 701, not when he was elected as permanent trustee pursuant to § 702." 199 F.3d 1029, 1033 (9th Cir. 1999). The *Parmetex* Court primarily relied on two prior Ninth Circuit opinions to come to this conclusion. For the proposition that the appointment of "the first trustee" triggers the § 546(a) statute of limitations, the court cited *Ford v. Union Bank (In re San Joaquin Roast Beef)*, 7 F.3d 1413 (9th Cir. 1993). And, for the proposition that the statute of limitations should run when the "functional equivalent" of a trustee is appointed, the court cited *In re Softwaire Centre International, Inc.*, 994 F.2d 682 (9th Cir. 1993).

As the dissent in *Parmetex* explained and other courts subsequently noted, the *Parmetex* majority over-extended the holdings in *San Joaquin Roast Beef* and *Softwaire Centre*. First, *San*

---

[3] A Delaware bankruptcy court adopted the Defendant's interpretation of § 546(a). *Burtch v. Georgia-Pacific Corp. (In re Allied Digital Techs. Corp.)*, 300 B.R. 616 (Bankr. D. Del. 2003). However, the district court overruled that order on appeal. *Georgia-Pacific Corp. v. Burtch (In re Allied Digital Techs. Corp.)*, 341 B.R. 171 (D. Del. 2006). And since that opinion, the Third Circuit, in a separate case presenting a similar issue, weighed the bankruptcy and district courts conclusions in the *Allied Digital* decisions and ultimately sided with the district court. *Singer v. Kimberly Clark Corp. (In re Am. Pad & Paper Co.)*, 478 F.3d 546, 553 (3rd Cir. 2007).

*Joaquin Roast Beef* did not hold that the first appointment of *any* trustee has implications on the § 546(a) statute of limitations. That case concerned appointments of a Chapter 11 trustee under § 1104 and, subsequently, of a Chapter 7 trustee under § 702. *San Joaquin Roast Beef*, 7 F.3d at 1414. Both of the appointments involved in that case are listed in § 546(a)(1)(B) as those that trigger the one-year extension of the statute of limtations. The issue in *San Joaquin Roast Beef* was whether the Chapter 7 trustee, the second trustee appointed, was entitled to an additional year to file his avoidance action. The court applied a "plain reading" of the statute and held that the first of the appointments listed in § 546(a) governs the statute of limitations. *Id.* at 1416. *San Joaquin Roast Beef*, however, does not address whether appointment under § 701 has any implications on § 546(a). *Parmetex, Inc.*, 199 F.3d at 1036 (McKeown, J., dissenting); see also *Mender v. Rivera Siaca (In re Glamourette/OG, Inc.)*, 01-13025-GAC, 2006 Bankr. LEXIS 3819, *4-5 (Bankr. D.P.R. Jan. 13 2006) (finding the reasoning in *Parmetex* unpersuasive given the volume of contrary authority).

And neither does *Softwaire Centre* support the proposition for which the *Parmetex* majority cites it, that the § 546(a) statute of limitations begins to run when the "functional equivalent" of a trustee is appointed. In *Softwaire Centre*, the Ninth Circuit was tasked with determining whether the § 546(a) statute of limitations applies to a debtor in possession. The court held that it did, concluding that § 1107(a) grants debtors in possession the powers of a trustee subject, however, to the corresponding limitations, including the § 546(a) statute of limitations. *Softwaire Ctr.*, 994 F.2d at 683 ("[Section] 546(a) must be read in conjunction with § 1107(a).") Again, as the *Parmetex* Dissent highlights, this holding "is neither controlling nor instructive" to the issue of whether § 701 appointment implicates § 546(a). *Parmetex, Inc.*, 199 F.3d at 1036 (McKeown, J., dissenting). Further, it ignores § 546(a)'s explicit reference to

10

appointment under § 702. *Id.* ("Although the [*Parmetex*] majority attempts to extrapolate *Sofwaire Centre*'s 'functional equivalency" approach to this Chapter 7 case, analogy is no substitute for the clear statutory language."); see also, *In re Am. Pad & Paper Co.*, 478 F.3d at 553 ( "[T]he similarities in function between section 701 and section 702 trustees do not warrant interposing 'section 701' where it does not appear in [section 546(a)].")

## CONCLUSION

In this case, the Trustee was appointed between the first and second year after the petition date, entitling him to an additional year extension to file any avoidance actions in the case. That extension began upon concluding the § 341 meeting, when the Trustee's appointment as the interim trustee was terminated and he was appointed the permanent case trustee as provided in § 702(d). This result is governed by § 546(a)(1)(B), which sets the appointment under § 702 as the date from which the one-year extension runs. Accordingly, the Trustee timely filed the complaint in this case and the Defendant's motion is denied.